UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x

LEONIS BELLINGER,

             Plaintiff,

      -against-

VERA FLUDD, et al.,

           Defendants.

-------------------------------------------x
ERIC KOMITEE, United States District Judge:

**MEMORANDUM AND ORDER**
20-CV-2206 (EK)(SIL)

      Plaintiff, currently incarcerated, brings this *pro se* action under 42 U.S.C. § 1983.  He alleges that Defendants violated his rights while he was detained at the Nassau County Correctional Facility ("the Facility") from November 14, 2019 to December 12, 2019.  Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, the complaint is dismissed.

## I. Background

      The following facts are drawn from Plaintiff's complaint, the allegations of which are assumed to be true at this stage.  *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (at the pleading stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint).  Plaintiff alleges that during his intake process in November 2019, the Facility failed to

1

issue him a standard set of clothing items in accordance with their "rule book," and that, throughout his detention, he was "never allowed a change of linen nor was [he] given more than one roll of tissue per week."  Complaint at 11, ECF No. 2 (Compl.).  Plaintiff was housed first in the "main" building, which he alleges was "filthy" with dirt and mold, and lacked a functioning sink.  *Id.*  His request for cleaning supplies was ignored, and, in response to his request for a grievance form, he was told that "they don't have any and even if they did [he] wouldn't be given a pen to fill it out."  *Id.*

Plaintiff was then moved to a second "satellite" building.  *Id.*  Plaintiff describes similarly poor conditions there, including problems with mold and water damage.  *Id.*  He alleges that while resident there, he was treated for a gum infection caused by his inability to brush his teeth.  *Id.*  Finally, Plaintiff alleges that he did, on one occasion, receive and then submit a grievance form; but he never received a response.  *Id.*  Plaintiff seeks damages in the amount of $15,000 for the violation of his constitutional rights and resulting mental distress and anguish.  *Id.* at 5.

Plaintiff names the following defendants:  Sheriff Vera Fludd; the Nassau County Correctional Facility; the Facility's Inmate Grievance Department; the NU Health Department; and twelve Jane or John Doe Correctional Officers

2

who were assigned to each of the four shifts per day at both locations within the Facility in which he was housed.  *Id.* at 8-10.  He does not, however, connect any of the defendants with the specific allegations in his Complaint.

## II. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court must assume all allegations in the complaint to be true; this tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  This is particularly so when the *pro se* plaintiff alleges that his civil rights have been violated.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, the Court is required to screen a civil complaint brought by a prisoner against a governmental entity or its agents, 28 U.S.C. § 1915A(a), and dismiss the complaint *sua sponte* if, among other things, it is "frivolous, malicious, or fails to states a claim upon which relief may be granted." *Id.* § 1915A(b)(1); *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999). Similarly, the Court must also dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and

federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979).  A plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.  *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### III. Discussion

The Complaint fails to state a claim against any defendant because it fails to allege their direct or personal involvement in the acts or omissions giving rise to Plaintiffs' claims.  Even if the Complaint did allege the personal involvement of any defendant, it also fails to state a claim for unconstitutional prison conditions as described below.

A.    <u>Sheriff Fludd</u>

There are several reasons why Plaintiff's claim against Sheriff Fludd fails.  First, although Plaintiff includes her in the list of defendants, the Complaint makes no factual allegations against her.  Second, Sheriff Fludd may not be held liable for subordinates' actions or failure to act solely because of the supervisory position she holds.  An "individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority." *Back v. Hastings*

*on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (cleaned up).  A Section 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law.  *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).  Consequently, the Section 1983 claims asserted against Sheriff Fludd are dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Farid v. Ellen,* 593 F.3d at 249; *Farrell v. Burke,* 449 F.3d at 484; *Ashcroft v. Iqbal*, 556 U.S. at 67.

B.     Doe Correctional Officers

Plaintiff also names "Jane Doe" or "John Doe" Correctional Officers assigned to each of the four shifts per day in both locations in which he was housed at the Nassau County Correctional Facility between November 14, 2019 to December 12, 2019.  Again, however, Plaintiff does not connect any correctional officer to any of his claims.  In fact, there is not a single allegation against any specific correctional officer, named or unnamed.  Thus, the Section 1983 claims against the Jane and John Doe Correctional Officers are dismissed for failure to state a claim.  28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Farid v. Ellen*, 593 F.3d at 249; *Farrell v. Burke*, 449 F.3d at 484; Ashcroft v. Iqbal, 556 U.S. at 676.

C.       Facility Defendants

Finally, Plaintiff names the Nassau County Correctional Facility, the Nassau County Correctional Facility's Inmate Grievance Department, and the NU Health Department[1] as defendants.  Plaintiff may not sue the Facility or its departments because they lack independent legal identities. Under New York law, "departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Adames v. Cty. of Suffolk Court*, No. 18-CV-4069, 2019 WL 2107261, at *2 (E.D.N.Y. May 14, 2019) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)).  The Nassau County Correctional Facility (including its departments) is an administrative arm of the County of Nassau, and thus lacks the capacity to be sued as a separate entity. *See Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 109 (E.D.N.Y. 2011).  Thus, Plaintiff's Section 1983 claims against the Facility, the Inmate Grievance Department, and the NU Health Department are dismissed pursuant to 28 U.S.C.

---

[1] Plaintiff names the "NU Health Department" and provides the same address as the Nassau County Correctional Facility.  Based on the name and address provided, and information contained on the Nassau County Sherriff's Office website, http://nassauso.com/corrections/jail-complex-inmate-health-care/ (last visited July 21, 2020), Plaintiff may be referring to the Nassau County Correctional Facility's Health Department.  However, the Complaint is silent as to the role of this (or any) defendant in connection with Plaintiff's claims.

§§ 1915(e)(2)(b)(ii).

D.      Claims Construed against Nassau County

Affording Plaintiff's *pro se* complaint a liberal construction, the Court also considered whether he states a plausible Section 1983 claim against the relevant municipality, Nassau County.  *See Adames*, 2019 WL 2107261, at *2.  To sustain a claim for relief under Section 1983 against a municipal defendant like Nassau County, a plaintiff must demonstrate the existence of an officially adopted policy or custom that caused injury, as well as a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 563 U. S. 51, 60 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law").  Here, Plaintiff does not allege any facts from which the Court may infer that the conduct of which Plaintiff complains was caused by a policy or custom of Nassau County.  *See, e.g.*, *Howard v. City of New York,* 12-CV-4069, 2012 WL 7050623, at *8 (S.D.N.Y. Dec. 20, 2012) ("The plaintiffs do not, for example, allege facts showing that there is a policy of refusing to provide non-standard beds."), *report and recommendation adopted as modified by* 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013).

Accordingly, the Complaint does not allege a plausible claim for relief under 42 U.S.C. § 1983 against Nassau County.

E.      Conditions of Confinement Claim

Even if Plaintiff had named a proper defendant, the Complaint fails to allege facts sufficient to sustain a claim for unconstitutional conditions of confinement.  "A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  To state a plausible claim for unconstitutional conditions of confinement under the Fourteenth Amendment,[2] a plaintiff must satisfy a two-prong test.  *Id.*

First, the plaintiff must show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.* (citations omitted).  A plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30.  "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated

---

[2] Condition-of-confinement claims made by a detainee "are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment." *Darnell*, 849 F.3d at 29 (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

in light of contemporary standards of decency.'"  *Id.* at 29
(quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)).
The Second Circuit has "held that prisoners may not be deprived
of their basic human needs — *e.g.*, food, clothing, shelter,
medical care, and reasonable safety — and they may not be
exposed to conditions that pose an unreasonable risk of serious
damage to [their] future health."  *Id.* at 30 (quoting *Jabbar v.
Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)).   The proper lens
through which to analyze allegedly unconstitutional unsanitary
conditions of confinement is with reference to their severity
and duration, not the detainee's resulting injury.  *See Willey
v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015).

Second, the plaintiff must show the defendant's
"deliberate indifference" to the challenged conditions.  The
Supreme Court has instructed that "deliberate indifference" in
this context "can be defined subjectively (what a person
actually knew, and disregarded), or objectively (what a
reasonable person knew, or should have known)."  *Darnell*, 849
F.3d at 29 (citing Farmer v. Brennan, 511 U.S. 825, 836–37
(1994)).   A plaintiff can show a defendant's deliberate
indifference to the conditions of their confinement by
plausibly alleging that a defendant official "recklessly
failed to act with reasonable care to mitigate the risk that
the condition posed to the pretrial detainee even though the

10

defendant-official knew, or should have known, that the
condition posed an excessive risk to [the plaintiff's] health
or safety." *Charles v. Orange Cty.*, 925 F.3d 73, 87 (2d Cir.
2019).

Here, even if the Court assumes, without deciding,
that Plaintiff has pleaded sufficient facts related to the
duration and severity of the conditions in his housing units,
Plaintiff has not pleaded that any defendant possessed the
requisite mental state for liability.  Plaintiff has not alleged
that any correctional officer knew or should have known about a
condition that posed an excessive risk to Plaintiff's health or
safety, and acted with deliberate indifference to the risk.  *See
Darnell*, 849 F.3d at 35.  Accordingly, Plaintiff's Complaint
currently falls short of stating a claim for unconstitutional
conditions of confinement.  28 U.S.C. §§ 1915A(b);
1915(e)(2)(B).

## IV. Leave to Amend

A *pro se* plaintiff should ordinarily be given the
opportunity "to amend at least once when a liberal reading of
the complaint gives any indication that a valid claim might be
stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir.
2009) (internal quotation marks and citation omitted).
Accordingly, the Court grants Plaintiff thirty days to amend his
complaint if he can, in good faith, allege facts sufficient to

11

overcome the deficiencies identified above.  If Plaintiff elects
to file an amended complaint, it must be captioned "AMENDED
COMPLAINT" and bear the docket number "20-CV-2206 (EK)(SIL)".

Plaintiff is advised that an amended complaint
replaces the current complaint in its entirety, and therefore it
must include all claims and factual allegations against all
defendants against whom he wishes to proceed.  He should name as
defendants those individuals who had some specific personal
involvement in the actions he alleges in the amended complaint.
For each named defendant, Plaintiff should include a brief
description of what each defendant did or failed to do, and how
those acts or omissions caused Plaintiff injury.  If Plaintiff
does not know the names of all such individuals, he may identify
each of them as John Doe or Jane Doe.  To the best of his
ability, Plaintiff must describe each individual and the
specific role she or he played in the alleged deprivation of his
rights.  Plaintiff must also state whether he was a pretrial
detainee or a convicted prisoner at the time of the alleged
constitutional violation.

## V. Conclusion

Accordingly, the complaint, filed *in forma pauperis*,
is dismissed for failure to state a claim.  28 U.S.C.
§ 1915(e)(2)(B).  However, in light of Plaintiff's *pro se*
status, the Court grants Plaintiff leave to file an amended

complaint within 30 days, as detailed above.  If Plaintiff fails to file an amended complaint within the time allowed or show good cause as to why he cannot comply with the 30-day deadline, judgment dismissing this action shall be entered.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   October 16, 2020
         Brooklyn, New York